IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AAMIR SATTANI, | ) | |
|         Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0655-H |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the magistrate judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by a federal detainee who is awaiting sentencing in United States v. Sattani, 3:04cr289-H(02) (N.D. Tex., Dallas Div.), on a conviction for bank fraud and conspiracy to commit bank fraud.

Parties: Petitioner is presently confined at the Federal Detention Center in Seagoville, Texas. (Petition (Pet.) at 2). He is represented by retained counsel.

Statement of Case: On March 10, 2005, the U.S. Customs and Border Protection issued an "Immigration Detainer – Notice of Action" directed to the United States Marshals Service, who is presently Petitioner's custodian. (Exh. 1 attached to Pet.). The detainer notes that an "[i]nvestigation has been initiated to determine whether . . . [Petitioner] is subject to removal

from the United States." At a hearing on March 16, 2005, the undersigned magistrate judge concluded that Petitioner was a flight risk, by virtue of the immigration detainer along with other independent evidence, and denied his Motion for Release Pending Sentencing. See Transcript of March 16, 2005 hearing in No. 3:04cr298-H (attached as Exh. B to Pet.).

In this action, Petitioner challenges the issuance of the immigration detainer. He contends that 8 C.F.R. § 287.7, which relies on Section 287 of the Immigration and Nationality Act, 8 U.S.C. § 1357, permits the issuance of immigration detainers only for individuals who have been convicted for a controlled substance violation.

The government filed its response on May 6, 2005, arguing that Petitioner is not in custody for purposes of habeas corpus jurisdiction, and that detainers issued under 8 C.F.R. § 287.7 are not limited to offenders of controlled substances laws. Petitioner filed a reply on June 23, 2005.

Findings and Conclusions: A jurisdictional prerequisite for the granting of a writ of habeas corpus under 28 U.S.C. § 2241 is that the petitioner be "in custody." The provision relevant to this case states that the "writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The majority of circuits, including the Fifth Circuit, has held that the filing of a detainer, alone, does not place a petitioner "in custody" for purposes of habeas proceedings. See Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003) (collecting cases and agreeing with the majority of circuits that, where there was no contention "that the INS actually has ordered [the alien's] deportation," the existence of an immigration detainer does not amount to custody). "'Filing a detainer is an informal procedure in which the INS informs

2

prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution.'" Id. at 540 (quoting Giddings v. Chandler, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992)).

Just as in Zolicoffer, Petitioner is not in custody on any immigration charges. Rather, he is in the custody of the U.S. Marshal Service awaiting sentencing in his criminal case. Petitioner's argument to the contrary – that "[t]he evidence [in this case] . . . demonstrates far more than the mere filing of a detainer . . ." – is unpersuasive and conclusory at best. (Reply at 2). Therefore, the court concludes that Petitioner cannot satisfy the "in custody" requirement and that his habeas corpus petition should be dismissed for want of jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss for lack of jurisdiction the petition for a writ of habeas corpus. See 28 U.S.C. § 2241(c)(3).

Signed this 15 day of July, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.